# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv319

| | |
|---|---|
| JUDY HATTEN, individually; and ) <br> JUDY HATTEN as Administrator of ) <br> the Estate of Ormon Hatten, deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> GEORGE MICHAEL HATTEN; and ) <br> LIBERTY MUTUAL INSURANCE ) <br> COMPANY, by an through the North ) <br> Carolina Department of Insurance, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the court upon defendant Liberty Mutual Insurance Company's ("Liberty Life's") Motion to Dismiss the Complaint with Leave to File Amended Complaint. Having carefully considered defendant Liberty Mutual Insurance Company's ("Liberty Life's") Motion to Dismiss the Complaint with Leave to File Amended Complaint and reviewed the pleadings, including the documents submitted in support of removal as well as the documents submitted by plaintiff in response to Liberty Life's Motion, the court enters the following findings, conclusions, and Recommendation.

# FINDINGS AND CONCLUSIONS

## I.     Background

### A.     Procedural History

Plaintiffs[1] originally filed this action in state court on August 29, 2006. The action was removed from the North Carolina General Court of Justice, District Court Division, Transylvania County, by Liberty Life on September 26, 2006. The basis for such removal was federal question jurisdiction. On October 3, 2006, Liberty Life filed its motion and supporting brief seeking dismissal of the Complaint or, in the alternative, granting leave to plaintiffs to amend their Complaint. On October 16, 2006, plaintiffs timely filed their response[2], and on October 30, 2006, Liberty Life timely filed its reply.

### B.     Nature of the Case

Plaintiffs contend that Liberty Life violated a state court domestic order when it paid over to defendant George Michael Hatten, rather than Judy Hatten, the

---

[1]  Plaintiffs have incorrectly identified themselves in the singular in the Complaint. The court will refer to the "plaintiff*s*" inasmuch as Judy Hatten has sued in her personal capacity as well as in her capacity as administrator of Ormon Hatten's estate, which are two separate and distinct legal entities.

[2]  Plaintiffs' captioned their response as a "reply."

proceeds of a life insurance policy. Compl., at ¶ 13.[3] According to plaintiffs, a state court had ordered the plaintiffs' decedent Ormon Hatten to designate and maintain Judy Hatten as the beneficiary of a life insurance policy that Brevard College, the decedent's employer, provided. Id., at ¶ 3(b). Despite such Order, plaintiffs maintain that their decedent, during his lifetime and despite the court's order, changed the beneficiary to his son George Michael Hatten, id., at ¶ 13, and that upon his death Liberty Life informed plaintiffs that it intended to pay the proceeds of the policy to George Michael Hatten in accordance with the decedent's designation of beneficiary. Id. Apparently, Liberty Life has now paid the proceeds of $10,000.00 to George Michael Hatten, which are being held by his attorney in a trust account awaiting further agreement of the parties or instruction of the court.

Plaintiffs have asserted three causes action and a "Motion in the Cause." In the first cause of action, plaintiffs contend that Liberty Life owes them the policy proceeds, in what appears to be a claim for breach of contract. Id., at ¶¶ 5-15. In the second cause of action, plaintiffs bring a claim against Liberty Life for alleged bad faith refusal to pay their claim, contending that Liberty Life failed to investigate the

---

[3] Counsel for Liberty Life is advised that the copy of the Complaint it filed with the court on removal appears to be photocopy of a facsimile, is in a type less than 8 points, and is blurred and unreadable in some parts. See Docket Entry 1-2. Counsel for Liberty Life shall file a clear copy of the Complaint forthwith so as not to delay the district court in its consideration of this Recommendation.

claim fairly, and that plaintiffs are therefore entitled to punitive damages. Id., at ¶¶ 16-19. In the third cause of action, plaintiffs attempt to assert a claim under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), claiming as the predicate conduct an underlying violation of Chapter 58 of the North Carolina General Statutes. Id., at ¶¶ 20-23. Plaintiffs have also made a "Motion in the Cause," which appears to seek an Order enjoining Liberty Life from distributing the proceeds to George Michael Hatten, and prohibiting George Michael Hatten from disposing of any proceeds paid. Id., at ¶¶ 1-4.[4]

Liberty Life has moved under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety contending that all of plaintiffs' claims are preempted under the *Employee Retirement Income Security Act* ("ERISA").

## II. Applicable Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

---

[4] Plaintiffs' Complaint contains two paragraphs 1-4, and this citation refers to the second set.

**4**

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiffs in the complaint and will view them in a light most favorable to plaintiffs.

### III. ERISA is Preemptive

**A. The Contract of Insurance at Issue is an Employee Benefit Plan Governed by ERISA**

Inasmuch as plaintiffs referenced the underlying policy of insurance in their Complaint, Liberty Life submitted a copy of the policy as an exhibit to its removal documents. Liberty Life has referenced such exhibit in support of its Motion to Dismiss.

Without converting the motion to dismiss to one for summary judgment, the undersigned has considered such document inasmuch as it was referenced in the Complaint, is central to plaintiffs' claims, and its authenticity has not been disputed. Clark v. BASF Salaried Employees' Pension Plan, 329 F.Supp.2d 694, 697 (W.D.N.C.2004) (citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir.1994), holding that the "district court may also take judicial notice of matters of

public record without converting a 12(b)(6) motion into a motion for summary judgment"), affirmed as modified by Clark v. BASF Corp., 142 Fed. App'x 659, 661 (4th Cir.2005)[5] (also recognizing that district court properly considered pension plan document, which was not part of the public record, without converting the motion to dismiss into a motion for summary judgment, where there was no dispute as to document's authenticity, the document was referenced in the complaint and the document was central to the plaintiff's claim). See also Basnight v. HRSA-ILA Management, 2006 WL 2850650, *6 (E.D.Va. 2006).[6]

Review of the policy of Life Insurance and Accidental Death and Dismemberment Insurance reveals that the insurance at issue was provided by the decedent's employer, Brevard College, as an employment benefit. The allegedly covered person under the Policy was Ormon Hatten. It is undisputed that the Policy was issued pursuant to Brevard College's life and accidental death and dismemberment plan ("Plan") for its employees. As such, the Plan is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of

---

[5] Due to the limits of electronic case filing, a copy of such unpublished opinion of the Court of Appeals for the Fourth Circuit is incorporated herein by reference to the Federal Appendix citation.

[6] Due to the limits of electronic case filing, a copy of such unpublished opinion is incorporated herein by reference to the Westlaw citation.

1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Gable v. Sweetheart Cup Co., 35 F.3d 851, 856 (4th Cir. 1994) ("[a] company may establish an employee welfare benefit plan merely by purchasing a group policy for its employees … and the plan may consist of nothing but the purchased policy document"). There is no indication or argument that plaintiffs' decedent purchased such policy privately or contributed to payment of the premium, and plaintiffs make no such argument in either their Complaint or their response.

### B. Plaintiffs Argue that Payment of the Plan's Proceeds Divests Federal Jurisdiction

Plaintiffs argue that the payment of the proceeds of the policy to George Michael Hatten "render moot, any, and all arguments by the Defendant, Liberty Life Insurance Company of Boston, regarding Federal Jurisdiction in this matter." Plaintiffs' Response, at ¶ 2 (errors in original). Plaintiffs have cited no cases or statutes in support of this theory. In fact, plaintiffs' cite no case law or any other authority in their two page response. Plaintiffs theory finds no support in law.

### C. The Preclusive Effect of ERISA

It is beyond dispute that "ERISA comprehensively regulates, among other things, employee welfare benefit plans . . . ." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). ERISA preempts "any and all State laws insofar as they may . . . relate

to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a); <u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U.S. 58, 62-63 (1987). The preemptive impact of ERISA is especially applicable when state laws "risk subjecting plan administrators to conflicting state regulations." <u>FMC Corp. v. Holliday</u>, 498 U.S. 52, 59 (1990). The Court in <u>FMC Corp.</u> held as follows:

> To require plan providers to design their programs in an environment of differing state regulations would complicate the administration of nationwide plans, producing inefficiencies that employers might offset with decreased benefits.

<u>Id.</u>, at 60.

### D. ERISA Precludes Plaintiffs' Claims Against Liberty Life

All of plaintiffs' claims in this Complaint center on their contention that Liberty Life wrongfully refused to pay life insurance benefits under the Plan to Judy Hatten. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … benefits in the event of sickness,

accident, disability, <u>death</u> or unemployment." 29 U.S.C. § 1002(1)(emphasis added).

 The law of ERISA expressly preempts all state laws which "relate to" an ERISA plan. This preemption applies to all state law, whether legislative or judge-made.

<u>Central States, Southeast & Southwest Areas Pension Fund v. Howell</u>, 227 F.3d 672, 676 (6th Cir. 2000)(citation omitted).

Divorce decrees that attempt to affect benefits that are payable from an ERISA Plan are preempted. <u>Id.</u> However, 29, United States Code, Section 1144(b)(7) excepts Qualified Domestic Relations Orders ("QDRO") from ERISA preemption. For an QDRO to be excepted from ERISA, the following criteria must be met:

 **(d) Assignment or alienation of plan benefits**
     \* \* \*
  (B) For purposes of this paragraph-

   (i) the term "qualified domestic relations order" means a domestic relations order—
    (I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and
    (II) with respect to which the requirements of subparagraphs (C) and (D) are met, and
   (ii) the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which—
    (I) relates to the provision of child support, alimony payments, or marital property rights

     to a spouse, former spouse, child, or other dependent of a participant, and
   (II) is made pursuant to a State domestic relations law (including a community property law).
 (C) A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies—
   (i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,
   (ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,
   (iii) the number of payments or period to which such order applies, and
   (iv) each plan to which such order applies.

29 U.S.C. 1056(d). The undersigned has reviewed the "Memorandum of Judgment/Order, Temporary Non Prejudice" that was attached to plaintiffs' Complaint and finds that such handwritten Order **does not** meet the requirements of subparagraph (C), because it does not contain the last known address of the participant, the name and mailing address of the alternate payee, or the name of the Plan to which such order applies. In relevant part, such Order provides, as follows:

> Defendant will maintain Plaintiff as his surviving spouse on all Pension and retirement Plans until appropriate QDRO's are completed and executed effecting an equal Division of all Pension benefits and Retirement benefits and Plaintiff is receiving benefits. Defendant will continue to be maintained and entitled to Surviving Spouse designation and benefits on these QDRO.

Docket Entry 1-2, at 7 (errors in original).  Thus, the QDRO exception to ERISA provides no exception for the state-court Order issued in this case.[7]

### E. The Impact of Payment of Benefits Under the Plan

Plaintiffs argue that after Plan benefits have been paid, ERISA is no longer preemptive, this court lacks jurisdiction, and they may proceed forward with all of their claims in state court.  No case has been cited in support of plaintiffs' theory.  The Court of Appeals for the Sixth Circuit discussed what claims survive a Plan's payment of benefits in accordance with a designation of beneficiary form that was contrary to a non-qualifying court Order.  In <u>Central States, Southeast & Southwest Areas Pension Fund v. Howell</u>, <u>supra</u>, the court held, as follows:

> once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits.

<u>Id.</u>, at 678-79. In other words, once benefits are paid out in accordance with the designation of beneficiary form Maintained by the employer or the Plan administrator, plaintiffs' only possible cause of action is a claim against the person who received the disputed benefits - - defendant George Michael Hatten - - for a

---

[7] It is unclear whether the document attached to the Complaint was actually an Order inasmuch as no signature from any judicial officer can be found on the copy supplied to this court.  Such document also suffers from poor reproduction as discussed above.

constructive trust, unjust enrichment, or the like.

All of plaintiffs' claims against Liberty Life were subject to dismissal when brought and, as discussed above, the payment of the disputed benefits to George Michael Hatten cannot breath new life into what were stillborn claims. Courts in the Fourth Circuit have consistently held that state law claims of breach of contract, breach of implied covenants of good faith and fair dealing, bad faith tort, insurance bad faith, and violation of the Unfair Trade Practices Act against an employer or Plan administrator are preempted by ERISA. Tri-State Mach. Inc. v. Nationwide Life Ins. Co., 33 F.3d 309, 311 (4th Cir.1994); Lippard v. Unumprovident Corp., 261 F.Supp.2d 368, 375 (M.D.N.C. 2003). Put another way, the protection afforded to employers and Plan administrators by ERISA does not end once they have paid benefits. If that were the case, the preemptive protections afforded by ERISA would be rendered meaningless, making them only an obstacle which could be circumvented by waiting for the Plan to pay the benefits before filing suit. The undersigned must, therefore, recommend that all claims against Liberty Life be dismissed.[8]

**F.    The Remaining State Law Claims Against George Michael Hatten**

---

[8]    Plaintiffs failed to address Liberty Life's invitation to submit an Amended Complaint asserting claims against it under 29 U.S.C. 1132(a)(1)(B).

The only claim that survives Liberty Life's Motion to Dismiss is the "Motion in the Cause" asserted against George Michael Hatten, who has either not been served[9] and/or has not yet answered the Complaint. In the event the district court dismisses all claims as to Liberty Life, the undersigned would further recommend that the balance of this action be remanded to state court inasmuch as the remaining "Motion in the Cause" asserted against George Michael Hatten would not be preempted by ERISA, could be resolved as a matter of state law, and the issues of state law would predominate inasmuch as no federal claims remain.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Liberty Mutual Insurance Company's ("Liberty Life's") Motion to Dismiss the Complaint (#7) be **GRANTED**, that its alternative Motion for Leave to File Amended Complaint (#7) be **DENIED,** that all claims asserted by plaintiffs against Liberty Life herein be **DISMISSED**, and that any remaining state law claims against defendant George Michael Hatten be **REMANDED** to the North Carolina General Court of Justice, District Court Division, Transylvania County, for disposition.

---

[9] No proof of service appears of record.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 6, 2006

Dennis L. Howell
United States Magistrate Judge